Stephen M. DUPREE,
Plaintiff-Appellant,

v.

"John DOE", Unidentified Driver, and
Dairyland Insurance Company,
Defendants-Appellees.

CA No. 1157.

Court of Appeals of Tennessee,
Eastern Section.

Aug. 26, 1988.

Permission to Appeal Denied by
Supreme Court May 8, 1989.

Brenda Lindsay, Knoxville, for plaintiff-appellant.

W. Brian Starnes, Knoxville, for appellee Dairyland Ins. Co.

## OPINION

SANDERS, Presiding Judge.

The pivotal issue on this appeal is whether or not the uninsured motorist coverage of a motor vehicle liability policy which limits coverage for bodily injury to the insured "while occupying a motor vehicle or, as a pedestrian" comports with T.C.A. § 56-7-1201, et seq.

The Defendant-Appellee, Dairyland Insurance Company, issued its motor vehicle liability policy to the Plaintiff-Appellant, Stephen M. Dupree. The policy was in effect when the Plaintiff was struck and injured by an unknown and unidentified motorist while the Plaintiff was riding his bicycle. Plaintiff filed suit to recover for his damages under the uninsured motorist coverage of his policy. As pertinent here, the policy provides:

> We promise to pay the damages you're legally entitled to receive from the owner or operator of an uninsured motor vehicle because of bodily injury. We'll pay these damages for bodily injury you suffer in a motor vehicle accident *while occupying a motor vehicle or, as a pedestrian,* as a result of having been struck by an uninsured motor vehicle. (Emphasis ours.)

The Defendant filed a motion for judgment on the pleadings or, in the alternative, for summary judgment on the basis that the Plaintiff's injuries were not received "while occupying a motor vehicle or, as a pedestrian."

The trial court sustained the Defendant's motion and Plaintiff has appealed.

The Plaintiff has presented several issues for review. However, we think the controlling issue is whether or not the limitations of coverage provided in the policy are permissible under the provisions of T.C.A. § 56-7-1201 or 56-7-1205. We hold they are not, and reverse.

T.C.A. § 56-7-1201(a), as pertinent here, provides the liability insurance policy issued to an insured "shall include uninsured motorist coverage ... for the protection of persons insured thereunder who are legally entitled to recover compensatory damages from owners or operators of uninsured motor vehicles because of bodily injury ... resulting therefrom." The only limitation to this required coverage, as pertinent here, is contained in T.C.A. § 56-7-1205 as follows: "Such forms of coverage may include such terms, exclusions, limitations,

conditions, and offsets, which are designed to avoid duplication of insurance and other benefits." Limiting coverage to injuries received "while occupying a motor vehicle or, as a pedestrian" certainly does not fall within the ambit of this section of the code.

The precise issue before us appears to be one of first impression in this jurisdiction. The parties have cited us to no cases, nor have we found any, on this issue in this jurisdiction. However, we think the intention of the legislature not to restrict coverage for bodily injury while occupying a motor vehicle is expressed in T.C.A. § 56–7–1201(b) as follows: "With respect to bodily injury to an insured at a time when such insured is not occupying any motor vehicle, the insurance on the vehicle owned by the insured that provides the highest limits of uninsured motorist coverage shall apply."

In the case of *Mullins v. Miller*, 683 S.W.2d 669 (Tenn.1984) our supreme court, in construing our uninsured motorist statute, said:

> [I]t seems to us that the General Assembly has expressed its intention that all damages which can legally be recovered under a liability policy shall also be recoverable under an uninsured motorist policy.

> \*　\*　\*　\*　\*　\*

> The insurance carrier may avail itself of all defenses available to that third party—such as lack of negligence, lack of causation, extent of damages, contributory fault, and the like. It thus has available to it numerous defenses other than regular policy exclusions and conditions as approved by the Commissioner. It is, therefore, basically liability insurance for a third party—the uninsured motorist—as was recognized by this Court in one of the early cases dealing with the first versions of the statutes. *See Glover v. Tennessee Farmers Mutual Insurance Co.*, 225 Tenn. 306, 313, 468 S.W.2d 727, 730 (1971) (intent and purpose of statutes is to provide protection "by making the insurance carrier

stand as the insurer of the uninsured motorist....").

Id. 670.

The issues are found in favor of the Appellant. The judgment of the trial court is reversed and the case is remanded for a trial on its merits. The cost of this appeal is taxed to the Appellee.

LEWIS and ANDERSON, JJ. concur.