# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### January 2005 Session

## JUDITH CHRISTENBERRY v. STANLEY F. TIPTON, ET AL.

**Appeal by permission from the Court of Appeals, Eastern Section**
**Circuit Court for Knox County**
**No. 1-510-01     Dale C. Workman, Judge**

---

### No. E2003-01971-SC-R11-CV - Filed March 17, 2005

---

This case involves a claim for personal injuries sustained in an automobile accident. The accident occurred when the vehicle in which the plaintiff was a guest passenger was forced off the road by an unidentified motorist. The plaintiff asserted a claim for uninsured motorist benefits under the provisions of an insurance policy issued to her former husband and his company. The issue on appeal is whether the trial court erred in granting summary judgment for the defendant insurance company after concluding the undisputed facts revealed that, under the circumstances of this case, the plaintiff was not insured under the policy. The Court of Appeals affirmed the grant of summary judgment. Upon appeal to this Court, we conclude that the undisputed facts in the record do not support the trial court's grant of summary judgment for the insurance company. After thoroughly reviewing the record, we conclude that there is a genuine issue of material fact as to whether the plaintiff was insured under the automobile insurance policy at the time of the accident and therefore entitled to uninsured motorist coverage. Accordingly, we reverse the judgment of the Court of Appeals and remand the case to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 11 Application for Permission to Appeal;**
**Judgment of the Court of Appeals Reversed; Case Remanded to the Trial Court**

WILLIAM M. BARKER, J., delivered the opinion of the court in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and JANICE M. HOLDER, JJ., joined.

David L. Buuck, Knoxville, Tennessee, for the appellant, Judith Christenberry.

J. Gregory O'Connor, Knoxville, Tennessee, for the appellee, State Automobile Mutual Insurance Company.

William Arthur Simms, Knoxville, Tennessee, for the appellee, Stanley F. Tipton.

# OPINION

## FACTS

### *Events Prior to the Accident*

The plaintiff, Judith Christenberry, and Clayton Christenberry were divorced in 1995. Their marital dissolution agreement required Mr. Christenberry to provide the plaintiff with an automobile and to pay for insurance coverage on the vehicle. For three years following the divorce, the plaintiff leased a Mazda Millennia in her name, with Mr. Christenberry paying the monthly lease payments and also paying for the insurance coverage. When the lease term expired, Mr. Christenberry purchased the vehicle and placed title in his company's name, Christenberry Trucking and Farm, Inc. The plaintiff, however, continued to maintain exclusive use and possession of the vehicle.

In 1998, Dewitt Ingram, the general manager of Christenberry Trucking and Farm, Inc., negotiated with State Automobile Mutual Insurance Company ("State Auto") to obtain automobile insurance coverage for the company. Ingram informed the State Auto agent that "Clayton's ex-wife had to be included as [Mr. Christenberry] was required to provide her a car and carry insurance on her and her automobile." The agent was told that one of the vehicles to be included in the policy, the Mazda Millennia, was for the plaintiff's exclusive use. Following these negotiations, State Auto issued what was entitled a "commercial auto insurance policy." The declarations page of the policy lists only Christenberry Trucking and Farm, Inc. and Clayton Christenberry as the "named insureds." However, also contained in the policy declarations is a list of thirty-six "drivers" identified by name, date of birth and driver's license number. The plaintiff is included on this list of "drivers," along with Clayton Christenberry, Mr. Christenberry's current wife, Janie Christenberry, and thirty-three other individuals including employees of the Christenberry company. The following language introduces this list:

> PLEASE REVIEW THIS LIST OF DRIVERS AND NOTIFY YOUR AGENT IMMEDIATELY OF ANY ADDITIONAL DRIVERS OR CORRECTIONS. ALL DRIVERS, BOTH PRINCIPAL AND OCCASIONAL, SHOULD BE LISTED.

The purpose of this list is not explained, and the policy contains no other references to the list of "drivers." Immediately following this list of drivers, the policy contains a "schedule of covered autos" which identifies twenty-one vehicles by make, model and serial number. The policy also includes a list of "additional insureds" containing only the names of Clayton Christenberry and his present wife, Janie; however, beside each name on this list there are specific vehicles denoted from among those on the list of covered automobiles.

The terms of the policy provided for various types of coverage including liability, medical costs and uninsured motorist benefits. The relevant portions of the uninsured motorist coverage provide:

A. Coverage

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured", or "property damage" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

. . . .

B. Who Is An Insured

1. You.

2. If you are an individual, any "family member".

3. Anyone else occupying a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

4. Anyone for damages he is entitled to recover because of "bodily injury" sustained by another "insured".

The policy also provides that "[t]hroughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations." Further, "family member" is defined as a "person related to you by blood, marriage or adoption, who is a resident of your household, including a ward or foster child."

### *Plaintiff's Accident and Claims for Damages*

On September 16, 2000, the plaintiff was a passenger in a vehicle owned and driven by the defendant, Stanley F. Tipton. The two had taken a pleasure trip to Cherokee, North Carolina and had used Tipton's vehicle, although the plaintiff's Mazda Millennia was fully operational and available for use. At the time of the accident, they were traveling on Newfound Gap Road in the Great Smoky Mountains National Park in Blount County, Tennessee, and the plaintiff was asleep in the back seat of Tipton's vehicle. As Tipton negotiated his vehicle down the mountain road, an on-coming vehicle swerved into his lane of travel, causing him to drive off the side of the road to avoid a collision. Tipton's vehicle struck a tree, causing serious injuries to both Tipton and the plaintiff.

As a result of these injuries, neither Tipton nor the plaintiff has any recollection of precisely how the accident occurred. However, a witness traveling behind the Tipton vehicle testified that Tipton was driving approximately twenty-five miles per hour when the unidentified ("John Doe") vehicle crossed the center line into his lane of travel. The witness stated that Tipton swerved to the left, ran off the left side of the roadway and crashed into a tree. As Tipton went off the left side of the road, the John Doe vehicle continued on, nearly colliding with the witness's vehicle. The John Doe vehicle was by that time in the middle of the road, and the witness was able to veer to the right to avoid a collision without being forced completely off the roadway. According to the witness, if

Tipton had swerved to the right, he would have been forced down a large embankment along that side of the road. The John Doe vehicle did not stop at the scene of the accident and has never been identified. The plaintiff suffered serious injuries in the accident and has since incurred substantial medical costs.

Following the accident, the plaintiff filed suit against both Tipton and the "John Doe" driver, alleging negligence on the part of both drivers in proximately causing the accident. In addition, the plaintiff served process on State Auto,[1] seeking benefits under the uninsured motorist provisions of the commercial automobile insurance policy issued to her former husband, Clayton Christenberry, and his company, Christenberry Trucking and Farm, Inc.[2]

Both Tipton and State Auto moved for summary judgment–Tipton on the ground that the evidence did not support the allegations of negligence on his part, and State Auto on the ground that the plaintiff was not entitled to uninsured motorist benefits because she was not an "insured" under the Christenberry insurance policy. The trial court granted summary judgment in favor of both defendants, and the Court of Appeals subsequently affirmed. In this Court, the plaintiff has raised no argument against the grant of summary judgment for Tipton and challenges only the grant of summary judgment in favor of State Auto.

### *The Issue*

The thrust of the plaintiff's argument is that those individuals listed in the policy as "drivers," including the plaintiff, comprise an additional class of "insureds" who are entitled to uninsured motorist coverage equivalent to the policy's "named insured." However, both the trial court and the Court of Appeals concluded that, according to the policy's express terms, the plaintiff was not an

---

[1] The service of process by which State Auto was made a party to the suit was pursuant to Tennessee Code Annotated section 56-7-1206(a) (2000), which provides:

> Any insured intending to rely on the coverage required by [the uninsured motor vehicle coverage statutes] shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant.

The plaintiff similarly asserted a claim and served process on the defendant Tipton's uninsured motorist insurance carrier, Kentucky National Insurance Company. However, this claim under Tipton's uninsured motorist coverage was settled prior to the current appeal.

[2] Tennessee Code Annotated section 56-7-1201(e) (2000) states that an insured may not recover under the uninsured motorist provision unless:

> (1)(A) Actual physical contact shall have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured; or
> (B) The existence of such unknown motorist is established by clear and convincing evidence, other than evidence provided by occupants in the insured vehicle.

Although in this case there was no actual contact between the "John Doe" vehicle and the vehicle in which the plaintiff was a passenger, the testimony of the witness has established the existence of the "John Doe" vehicle by clear and convincing evidence.

"insured," and therefore the defendant State Auto was entitled to summary judgment. The issue now before this Court is whether the trial court erred in granting State Auto's motion for summary judgment by concluding, as a matter of law, that the plaintiff was not entitled to uninsured motorist coverage under the facts of this case.

## STANDARD OF REVIEW

A trial court's grant of a motion for summary judgment presents a question of law. Eadie v. Complete Co., 142 S.W.3d 288, 291 (Tenn. 2004). Accordingly, the standard for reviewing a grant of summary judgment is *de novo* with no presumption of correctness afforded to the trial court's conclusions. Webber v. State Farm Mut. Auto. Ins. Co., 49 S.W.3d 265, 269 (Tenn. 2001). Summary judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; Webber, 49 S.W.3d at 269; Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993). The primary issues in evaluating a motion for summary judgment are "(1) whether a *factual* dispute exists; (2) whether the disputed fact is *material* to the outcome of the case; and (3) whether the disputed fact creates a *genuine* issue for trial." Byrd, 847 S.W.2d at 214.

## ANALYSIS

An insurance policy is a contract, and as such, our analysis must be grounded in principles of contract law. See, e.g., Am. Justice Ins. Reciprocal v. Hutchison, 15 S.W.3d 811, 814 (Tenn. 2000); McKimm v. Bell, 790 S.W.2d 526, 527 (Tenn. 1990). Nevertheless, certain statutes must also be considered in the present case because uninsured motorist coverage is subject to statutory regulation in this state. See Tenn. Code Ann. §§ 56-7-1201to -1206 (2000). Further, if the terms of an automobile insurance policy fail to comport with the statutory requirements, then the statute takes precedence, supersedes the conflicting policy provisions, and in effect becomes part of the insurance policy itself. See Sherer v. Linginfelter, 29 S.W.3d 451, 453-54 (Tenn. 2000). One point of the plaintiff's argument is that under the facts of this case, the uninsured motorist statute mandates that she be provided coverage by the State Auto policy. To address this point, we begin with a review of the uninsured motorist statute.

### *Uninsured Motor Vehicle Coverage: Tenn. Code Ann. §§ 56-7-1201 to - 1206*

Tennessee Code Annotated section 56-7-1201(a) provides, in part:

Every automobile liability insurance policy delivered, issued for delivery or renewed in this state, covering liability arising out of the ownership, maintenance, or use of any motor vehicle . . . shall include uninsured motorist coverage . . . *for the protection of persons insured thereunder* who are legally entitled to recover

compensatory damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

(emphasis added). The named insured party may, however, refuse uninsured motorist coverage, as long as the refusal is in writing. See Tenn. Code Ann. § 56-7-1201(a)(2) (2000).

The requirements of section 56-7-1201 that uninsured motorist coverage provide benefits for insured persons has been applied under a wide variety of situations in which these persons have been injured by uninsured drivers.[3] However, the statute, by its plain terms, applies only to "persons insured" under an automobile liability policy. See Tenn. Code Ann. § 56-7-1201(a) (2000). Further, the term "insured" is used throughout sections 56-7-1201 to -1206 to refer to those individuals to which the uninsured motorist statute pertains. Construing the statute in light of this clear language, we conclude that before the plaintiff can assert any statutory right to uninsured motorist coverage, she must have been insured under the State Auto policy at the time of the accident.

### *Persons "Insured" under the State Auto Insurance Policy*

The State Auto policy contains two separate definitions of an "insured"– one in the liability portion and another in the uninsured motorist provisions. As previously noted, an "insured" for purposes of uninsured motorist coverage is defined, in part, as (1) you; (2) any family member; and (3) anyone else occupying a covered auto or temporary substitute for a covered auto, provided the covered auto is out of service due to "breakdown, repair, servicing, loss or destruction." The term "you," as used throughout the policy, refers to the "named insured." The only "named insureds" in the policy are Clayton Christenberry and Christenberry Trucking and Farm, Inc. Further, it is undisputed that the plaintiff was not a family member of Clayton Christenberry at any time pertinent to this case. Neither was the plaintiff occupying any vehicle covered by the State Auto policy at the time of the accident. It is also undisputed that the plaintiff's vehicle was fully operational at the time of the trip and that she and Tipton had simply elected to use his vehicle instead.

At the time of the accident, the plaintiff would not have fallen within any of the definitions of "insured" set forth above. Nevertheless, the plaintiff argues that she is "covered" under the liability provisions of the policy because she is specifically listed as a driver. She further asserts that Tennessee Code Annotated section 56-7-1201(a) requires that all persons "covered" for liability purposes must also be provided uninsured motorist coverage. However, as we construe the scope of section 56-7-1201, the plaintiff's argument still necessarily rests upon the premise that she was

---

[3] For example, in Dupree v. Doe, 772 S.W.2d 910 (Tenn. Ct. App. 1988), the uninsured motorist statute was construed to require coverage for a plaintiff who was riding a bicycle when struck by an uninsured motorist. The plaintiff's insurance carrier had initially denied coverage, citing the terms of the policy limiting both liability and uninsured motorist coverage to accidents suffered by the insured "while occupying a motor vehicle or, as a pedestrian." Id. The Court of Appeals concluded that these coverage limitations were impermissibly narrower than the broad coverage contemplated by the uninsured motorist statute, and therefore invalid. Id. at 910-11. Uninsured motorist coverage is also applicable when an insured party is injured while a passenger in a third party's vehicle, see Tenn. Code Ann. § 56-7-1201(b)(3) (2000), or when an insured is injured while not occupying any vehicle. See Tenn. Code Ann. § 56-7-1201(b)(1) (2000).

insured under the liability portion of the policy at the time of the accident.[4]  The liability provisions of the policy define "insured" as follows:

> 1.  WHO IS AN INSURED
> The following are "insureds":
> a.  You for any covered "auto".
> b.  Anyone else while using with your permission a covered "auto" you own, hire or borrow . . .
> c.  Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

By these express terms, the policy provided liability coverage to the named insured for any covered auto and to any other permissive driver of a covered auto.  However, the plaintiff was neither the named insured, nor, at the time of the accident, was she using an auto covered by the State Auto policy.  In light of the facts presented, the plaintiff was not an "insured," as the policy defines that term under either the uninsured motorist or liability provisions.

As we view it, the policy clearly and unambiguously defines "insured" both for liability and uninsured motorist coverage, and the plaintiff does not meet either definition.  Our inquiry does not end here, however, because the plaintiff's name appears on the list of "drivers" in the policy declarations, and no language can be found anywhere in the policy explaining the purpose of this list. The plaintiff seizes upon this fact to assert that listing these "drivers" by name reveals the intent of the parties to include these individuals as additional "insureds" and thereby to extend full liability and uninsured motorist coverage to them.  She points out that the policy, by its express terms, provides coverage for any permissive driver while operating a covered vehicle.  Therefore, the plaintiff contends that there was no logical reason to list specific drivers unless the parties intended these individuals to be entitled to the same coverage and benefits as the "named insureds" and "additional insureds."  She further points to the fact that when the insurance policy was being negotiated, the State Auto agent was informed of the necessity of including her under its coverage. In addition, the plaintiff notes the affidavit of Clayton Christenberry, the named insured in the State Auto policy, in which he states that he understood the policy to provide full uninsured motorist coverage to the plaintiff.

---

[4]  The plaintiff builds upon her argument by citing to several cases for the proposition that if a policy provides uninsured motorist coverage, then it must cover a class of individuals at least as broad as the class provided liability coverage.  See  Aetna Cas. & Sur. Co. v. McMichael, 906 P.2d 92 (Colo. 1995); Kaysen v. Fed. Ins. Co., 268 N.W.2d 920 (Minn. 1978); Dupree v. Doe, 772 S.W.2d 910 (Tenn. Ct. App. 1988).  However, in each of these cases cited by the plaintiff, the individual seeking uninsured motorist coverage was an "insured" under the terms of the policy.  See Aetna Cas. & Sur., 906 P.2d at 104; Kaysen, 268 N.W.2d at 925; Dupree, 772 S.W.2d at 910.  For instance, it was undisputed in Dupree that the plaintiff was an "insured" under the general provisions of the policy; he was, in fact, the named insured.  772 S.W.2d at 910.  The issue, rather, was whether the policy's coverage limitations comported with the provisions of the uninsured motorist statutes.  Id.

As a general rule, when ambiguous language in an insurance contract limits coverage, it should be construed in favor of providing coverage to the insured. See Am. Justice Ins. Reciprocal, 15 S.W.3d at 815; Tata v. Nichols, 848 S.W.2d 649, 650 (Tenn. 1993). However, when interpreting an insurance policy, just as in any other type of contract, a cardinal rule is that a court must attempt to ascertain and give effect to the intent of the parties. See Tata, 848 S.W.2d at 650. A court "cannot under the guise of construction make a new and different contract for the parties." Memphis Furniture Mfg. Co. v. Am. Cas. Co., 480 S.W.2d 531, 533 (Tenn. 1972).

In light of the facts currently in the record, there are two logical and reasonable explanations for this list of drivers. First, as the plaintiff argues, the parties could have intended to supersede the definitions of "insured" contained elsewhere in the policy and include this list of drivers as an additional class of "insureds." Second, as the Court of Appeals speculated, the list may have been intended only to provide information regarding the most likely drivers of the covered vehicles, perhaps as a means for State Auto's underwriting department to assess risk and set premiums. In any event, no facts currently in the record, including the language of the policy itself, clearly compel either conclusion.

In reviewing a grant of summary judgment, an appellate court must view the evidence in the light most favorable to the non-moving party and must draw all reasonable inferences in the non-moving party's favor. Webber, 49 S.W.3d at 269; see also Staples v. CBL & Assocs., Inc., 15 S.W.3d 83, 89 (Tenn. 2000). Further, as we stated in Webber, "summary judgment is appropriately granted when the facts as developed can lead a reasonable jury to reach only one conclusion." 49 S.W.3d at 274 (citing Seavers v. Methodist Med. Ctr. of Oak Ridge, 9 S.W.3d 86, 91 (Tenn. 1999)). Such is not the case here. Assessing the evidence in the light most favorable to the plaintiff, a reasonable jury could find that the parties intended the individually listed drivers, including the plaintiff, to be considered an additional class of "insureds" and therefore entitled to uninsured motorist coverage equivalent to the other parties named in the policy. Based upon the foregoing analysis, we conclude that the trial court erred in granting summary judgment for State Auto.[5]

## CONCLUSION

To summarize, we hold that the evidence in the record is insufficient to support the trial court's grant of summary judgment for State Auto. We conclude that the record reflects a genuine issue of material fact as to whether the plaintiff was insured under the automobile insurance policy in question at the time of the accident giving rise to the current litigation. Accordingly, we reverse the judgment of the Court of Appeals and remand the case to the trial court for further proceedings consistent with this opinion.

---

[5] In this Court, the plaintiff has not argued the propriety of the grant of summary judgment for the defendant, Stanley F. Tipton. Therefore, the judgment of the Court of Appeals on this issue remains intact.

Costs of this appeal are taxed to the defendant, State Automobile Mutual Insurance Company or its sureties, for which execution may issue if necessary.

_____
WILLIAM M. BARKER, JUSTICE