NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0308n.06
Filed: April 21, 2005

No. 04-5393

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

PRUDENTIAL PROPERTY & CASUALTY CO., )
                                                 )
      Plaintiff-Appellee, )
                                                 )
v. )   On Appeal from the United States
                                                 )   District Court for the Eastern
MARVIN BEST and LINDA BEST, )   District of Tennessee
                                                 )
      Defendants-Appellants. )

Before: **BOGGS, Chief Judge; and COOK and BRIGHT, Circuit Judges.**[*]

     **PER CURIAM.** Marvin and Linda Best appeal the district court's grant of summary judgment in favor of Prudential Property & Casualty Co. ("Prudential"). The district court held that Prudential was not liable to the Bests for uninsured motorist benefits ("UM benefits") after Mr. Best was injured, by an uninsured driver, while riding his motorcycle, because the Bests' insurance policy provided those benefits only in the event that the insured – in this case Mr. Best – was riding in a car or was a pedestrian. The Bests argue that the policy covered Mr. Best even when he was riding a motorcycle and, in the alternative, that even if he was not covered under the terms of the policy, Tennessee's Uninsured Motorist Statute overrides those terms, and imposes liability on Prudential. For the reasons that follow, we affirm.

---

     [*]The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

No. 04-5393
Prudential Property v. Best

# I

Prudential provided automobile insurance to the Bests under a policy covering the period between January 6, 2002, and July 6, 2002 ("the Policy"). The Policy lists as the named insureds Marvin and Linda Best. It lists as the covered vehicles a 1985 Ford truck and a 2002 Honda wagon. On April 25, 2002, Marvin Best, while riding his motorcycle, was injured by an uninsured motorist. The motorcycle was not listed as a covered vehicle on the Bests' insurance policy. The relevant provisions of the Policy state:

> **DEFINITIONS**
>
> > **CAR**
> > A **car** is a private passenger automobile, station wagon, jeep-type, or van with four wheels which is designed for use mainly on public roads.
> > **MOTOR VEHICLE**
> > A **motor vehicle** is a self-propelled land vehicle which is required to be registered and licensed by the laws of **your** state for use on public roads.
>
> **PART 4.  UNINSURED MOTORISTS**
>
> > **OUR OBLIGATIONS TO YOU (PART 4)**
> > If **you** have these coverages (see Declarations), **we** will pay up to **our** limit of liability for **bodily injury** or **property damage** that is covered under this part when an insured (whether or not occupying a **car**) or an insured's **car** is struck by an uninsured motor vehicle. . . .
> >
> > **WHO IS INSURED (PART 4)**
> > **IN YOUR CAR (INCLUDES A SUBSTITUTE CAR)**
> > **You** and a **resident relative** are insured while using **your car** or a substitute **car** covered under this part. . . .
> > **IN A NON-OWNED CAR**
> > **You** and a **resident relative** are insured while using **a non-owned car**. . . .
> > **HIT BY A MOTOR VEHICLE**
> > **You** and a **resident relative** are insured if hit by an uninsured **motor vehicle** while a pedestrian.

(J.A. 30-31 (emphasis in original).)

The Bests sought benefits under the Policy, claiming that Mr. Best was covered by the provision stating that Prudential will pay benefits when "an insured (whether or not occupying a **car**) . . . is struck by an uninsured motor vehicle." Prudential filed suit in state court seeking a declaratory judgment that it was not liable to the Bests for UM benefits. The Bests removed the case to the United States District Court for the Eastern District of Tennessee on diversity grounds. The district court held that Prudential had no obligation to pay benefits for Mr. Best's accident because the Policy states that UM benefits will only be paid to "an insured," and Part 4 of the Policy limits that term to "**You**" (in this case Mr. Best) "while using your **car**," "using a **non-owned car**," or "while a pedestrian."

The Bests timely appealed. They argue that the Policy's broad statement that an insured will be covered whether or not occupying a car suffices to establish UM coverage for Mr. Best whether he is driving a car or a motorcycle. In the alternative, they argue that even if the language in Part 4 cited by the district court does limit the applicability of the term "an insured," any such limitation is overridden by Tennessee's Uninsured Motorist statute, which mandates broad liability on the part of insurers.

## II

We review a district court's order granting summary judgment *de novo*, and its findings of fact for clear error. *Howard v. City of Beavercreek*, 276 F.3d 802, 805 (6th Cir. 2002).

This case presents two distinct issues. First, we must decide whether Mr. Best was entitled to UM benefits under the terms of the Policy. Second, if Mr. Best was not covered under the terms

of the Policy, we must decide whether the Tennessee UM statute nonetheless mandates coverage for Mr. Best.

### III

The Bests claim that the Policy must be deemed to cover Mr. Best while riding a motorcycle, because it states that UM coverage extends to "an insured (whether or not occupying a **car**)." They claim that the plain meaning of this phrase is that Mr. Best, as an insured under the Policy, was covered whether he "was in a car, walking, riding a motorcycle, skateboard, scooter, tricycle, bicycle etc." If the Policy language relating to UM coverage were limited to the phrase the Bests quote, they would likely be correct, not least because, as they point out, we must read any ambiguities in the Policy document language in favor of the Bests. *See Tenn. Farmers Mut. Ins. Co. v. Moore*, 958 S.W.2d 759, 763 (Tenn. Ct. App. 1997). However, the Policy goes on (in a manner consistent with other parts of the Policy, including ordinary liability coverage) to spell out who constitutes "an insured" for the purposes of UM coverage. Under the Policy, Mr. Best was only "an insured" while using his own car, a substitute car, a non-owned car, or while a pedestrian. As such, the phrase "whether or not occupying a car" means in a general section of the Policy, only that coverage is not excluded for an "insured" who is covered by other more specific provisions of the Policy simply because that "insured" is not in a car at the time of injury. However, under the specific terms of this Policy, Mr. Best is *not* an "insured" when not in a car or being a pedestrian. Thus, Mr. Best was not covered under the Policy while riding his motorcycle.

### IV

The Bests claim that even if Mr. Best did not meet the Policy definition of an insured for the purposes of UM coverage, any language to that effect is overridden by the terms of the Tennessee UM statute. Under Tennessee law, "any statute applicable to an insurance policy becomes part of the policy and such statutory provisions override and supersede anything in the policy repugnant to the provisions of the statute." *Hermitage Health & Life Ins. Co. v. Cagle*, 420 S.W.2d 591, 594 (Tenn. Ct. App. 1967). As such, "all provisions of the Tennessee uninsured motorist statute are made a part of all insurance policies issued for delivery in Tennessee." *Dunn v. Hackett*, 833 S.W.2d 78, 82 (Tenn. Ct. App. 1992). The Bests claim that UM coverage for Mr. Best, even while riding a motorcycle, is mandated by the UM statute's requirement that:

> Every automobile liability insurance policy . . . covering liability arising out of the ownership, maintenance, or use of any motor vehicle designed for use primarily on public roads and registered or principally garaged in this state, shall include uninsured motorist coverage, subject to provisions filed with and approved by the commissioner, for the protection of persons insured thereunder . . . .
>   (1) The limits of such uninsured motorist coverage shall be equal to the bodily injury liability limits stated in the policy.

Tenn. Code Ann. § 56-7-1201.

The Bests argue that this case is controlled by *Dupree v. Doe*, 772 S.W.2d 910 (Tenn. Ct. App. 1988), which held that UM coverage for anyone insured under a policy may not be arbitrarily limited by other policy provisions to particular situations, such as (echoing the situation in this case) being in a car or being a pedestrian. *Id.* at 910-11. The *Dupree* court held that because UM coverage is, in essence, liability coverage for uninsured third parties, the intent of the UM statute was that UM coverage be as extensive as would be the third parties' liability coverage if they actually had insurance. *See id.* at 911 (citing *Mullins v. Miller*, 683 S.W.2d 669, 670-71 (Tenn.

- 5 -

1984)). The court acknowledged that certain limitations on UM coverage are permitted by the statute, namely the "terms, exclusions, limitations, conditions, and offsets, which are designed to avoid duplication of insurance and other benefits" provided for in § 56-7-1205. *Id.* at 910-11. But the court held that an "arbitrary" limitation of coverage to occupying a car or being a pedestrian was not designed to avoid such duplication, and was therefore impermissible. *Ibid.* Besides, the court noted, the UM statute explicitly contemplates UM coverage for an insured "not occupying any motor vehicle," and provides that in those circumstances, "the insurance on the vehicle under which the injured party is an insured with the highest limits of uninsured motorist coverage shall apply, and no other uninsured motorist coverage shall apply." Tenn. Code Ann. § 56-7-1201(b)(1). The court therefore held that the plaintiff was entitled to UM benefits for injuries sustained while riding a bicycle. *Dupree*, 772 S.W.2d at 911.

The district court found that *Dupree* is not applicable to this case, because it accepted Prudential's claim that Mr. Best was not an "insured" under the Policy while he was riding his motorcycle. The UM statute mandates UM coverage under a policy only for "persons insured thereunder," and the Tennessee Supreme Court has recently confirmed that "before [a] plaintiff can assert any statutory right to uninsured motorist coverage, she must have been insured under the State Auto policy at the time of the accident." *Christenberry v. Tipton*, __ S.W.3d __, 2005, 2005 WL 613709, at *4, 2005 Tenn. LEXIS 222, at *13 (Tenn. Mar. 17, 2005). The district court considered the Policy provisions describing UM coverage that state "**You** and a **resident relative** are insured while using **your car** or a substitute **car** covered under this part," "while using **a non-owned car**," and "while a pedestrian," and concluded that, unlike the *Dupree* policy, which had a blanket

definition of *who* was insured under the policy, which included the plaintiff, and then added a limitation on *when* the insured was covered, the Prudential Policy worked the challenged car and pedestrian limitations into its definitions of "who is insured." In other words, Mr. Best was not an insured whose coverage was limited by the provisions at issue, but instead was "an insured" under the Policy only to the extent that his behavior fell within the ambit of those provisions. For that reason, the district court held, *Dupree* is not applicable to this case, because the *Dupree* rule that no limitation is permitted unless designed to preclude duplicative insurance only applies when the plaintiff meets the policy definition of insured.

The district court's interpretation of the UM provisions as defining who is insured under the Policy, as opposed to limiting the coverage of the drivers insured under the Policy, is not plausible, because the Policy elsewhere defines Mr. and Mrs. Best as the "named insured" under the Policy.[1] The General Provisions section states that the Declarations page of the Policy, which lists both Marvin and Linda Best as licensed operators, "lists the "*named insured* and describes the **cars** this policy covers." (J.A. 14, 37 (italics added).) In addition, the term "You" as it is used in the UM provisions is defined as follows: "**You** or **your** means the person shown as the *named insured* on the Declarations of this policy . . . ." (J.A. 14, 31 (italics added).) When this definition is inserted

---

[1]The Tennessee Supreme Court has recently made clear that even policy language describing the named insured under a policy does not necessarily suffice to preclude coverage for other drivers as "insureds" under a policy if other language in the policy suggests that those other drivers are covered under its terms. *See Christenberry*, 2005 Tenn. LEXIS 222, at \*16-\*17 (reversing Court of Appeals and remanding for trial because inclusion of driver's name in list of "drivers" in policy created material question of fact as to whether that driver was an "insured" under the policy, despite provision defining "insureds" in a way that excluded that driver).

into the UM provisions they read: "The named insureds are insured [for injuries caused by uninsured motorists] while using **your car** or a substitute **car** covered under this part," "while using **a non-owned car**," and "while a pedestrian." Clearly, these provisions do not define who is insured under the entire Policy, as the district court claims. The Bests are the named insured under the Policy as a whole whether they are in a car, walking on the street or doing anything else. These provisions simply limit the situations in which those insured under the Policy are "the insured" – i.e. covered – for the purposes of defining eligibility for UM benefits.

Because the UM provisions of the Policy limit the UM coverage of persons insured under the policy as a whole, they must be analyzed in light of *Dupree*. The Policy clearly runs afoul of *Dupree* in at least some respects, because it purports to limit UM coverage to the very situations the *Dupree* court found to be arbitrary and impermissible under the UM statute, namely being in a car or being a pedestrian. To the extent that the UM provisions would deny coverage for Mr. Best if he was hit by an uninsured motorist while riding a bicycle, they would therefore be overridden by the statute. This does not mean, though, that the entire provision is invalid, such that the Policy must give UM coverage to the Bests under any conceivable circumstance. As noted above, Tennessee cases have held that "any statute applicable to an insurance policy becomes part of the policy and such statutory provisions override and supersede anything in the policy repugnant to the provisions of the statute," *Hermitage Health & Life Ins. Co.*, 420 S.W.2d at 594, and that "all provisions of the Tennessee uninsured motorist statute are made a part of all insurance policies issued for delivery in Tennessee," *Dunn*, 833 S.W.2d at 82. This language indicates that the statute trumps any provisions of a particular policy insofar as those provisions conflict with the statute, i.e., insofar as they purport

to deny coverage mandated by the statute, but that those provisions nonetheless remain in force to the extent that they are compatible with the statute, i.e., to the extent that they purport to deny coverage that is not mandated by the statute. As such, the fact that Prudential may not deny coverage to Mr. Best under this Policy while he is riding a bicycle does not mean it may not deny him coverage while riding a motorcycle. For example, if the exclusion of UM coverage in this case is permissible under the statute as an exclusion designed to prevent duplicate coverage, *see* Tenn. Code Ann. § 56-7-1205, the statute will not override Prudential's denial of benefits in this case.

The Tennessee UM statute does not require Prudential to provide benefits to Mr. Best for injuries sustained while riding a motorcycle that he owned, but which was not insured under the Policy. Tennessee courts have consistently upheld the validity of policy exclusions that deny UM coverage for injuries sustained while occupying motor vehicles owned by the injured party but not insured. *See, e.g.*, *Elam v. Protective Ins. Co.*, 1990 WL 458, at *1, *3, 1990 Tenn. LEXIS 25, at *2, *6 (Tenn. Jan. 8, 1990) (unpublished) (upholding as "valid and not in conflict with the statute" a policy provision stating that UM coverage "does not apply to: (a) bodily injury to you or a relative while occupying or struck by a vehicle owned by you or a relative which is not an insured vehicle"); *Hill v. Nationwide Mut. Ins. Co.*, 535 S.W.2d 327, 331 (Tenn. 1976) (upholding exclusion clause denying UM coverage for injuries sustained while occupying a motorcycle owned by the insured, but not insured under the policy in question); *Welborn v. Sellars*, 2000 WL 1157247, at *3-*4, 2000 Tenn. App. LEXIS 550, at *8-*9 (Tenn. Ct. App. Aug. 16, 2000) (unpublished) (same); *Smith v. Hobbs*, 848 S.W.2d 662, 664 (Tenn. Ct. App. 1992) (same); *see also Hill*, 535 S.W.2d at 329-30 (noting potential unfairness of requiring UM coverage for vehicles owned but not insured by the

policy holder, because that would allow the insured to get windfall UM coverage for an unlimited number of other vehicles simply by opting for UM coverage on one vehicle).

Furthermore, section 56-7-1201(b)(2) of the UM statute states that "[w]ith respect to bodily injury to an insured while occupying a motor vehicle owned by such insured, only the limits of uninsured motorist coverage on the vehicle in which the insured was an occupant shall apply." In this case, Mr. Best was occupying a motor vehicle he owned, and the statute clearly states that his maximum UM coverage in that situation is the amount carried on that vehicle. Because he had no coverage on his motorcycle, Mr. Best was not entitled to benefits under the statute, and the statute therefore cannot be taken to override the Policy exclusions that deny him coverage in this case.

**V**

For the reasons set forth above, we **AFFIRM** the district court's order in its entirety.