# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
October 12, 2010 Session

## TAMMY V. GALLOWAY v. BRIAN K. VAUGHN ET AL.

### Appeal from the Circuit Court for Davidson County
### No. 09C1627    Amanda McClendon, Judge

_____

### No. M2010-00890-COA-R9-CV - Filed February 2, 2011

_____

Plaintiff, a guest passenger in a vehicle involved in an accident, filed this action to recover uninsured motorist benefits. The vehicle in which Plaintiff was riding was owned and operated by an insured of Shelter Insurance Company. The accident was the fault of the driver of another vehicle who was not insured; therefore, Plaintiff seeks to recover uninsured motorist coverage benefits from Shelter. Insisting that Plaintiff was not entitled to benefits under the driver's policy because Plaintiff did not meet the definition of an "insured" in the policy, Shelter moved for summary judgment. The trial court found that Plaintiff was an "insured" under the terms of the Shelter policy and denied the motion. This interlocutory appeal followed. We have determined that Plaintiff is not an "insured" pursuant to the terms of the Shelter policy and that Shelter is entitled to summary judgment as a matter of law. Therefore, we reverse and remand with instructions to grant Shelter's motion for summary judgment.

### Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Britton J. Allan, Nashville, Tennessee, for the appellants, Brian K. Vaughn and George Daniel.

Billy J. Marlowe, Nashville, Tennessee, for the appellee, Tammy V. Galloway.

# OPINION

Tammy Galloway ("Plaintiff"), was a guest passenger in a passenger vehicle owned and driven by Dara Cockrill when Ms. Cockrill's car was hit by a truck driven by Brian Vaughn. George Daniel owned the truck and was riding as a passenger. Plaintiff sustained personal injuries as a result of the accident, which was solely the fault of Mr. Vaughn.

Neither Mr. Vaughn nor Mr. Daniel had automobile liability insurance; however, Ms. Cockrill maintained an insurance policy on her vehicle with Shelter Insurance Company ("Shelter") that provided uninsured motorist coverage.

Plaintiff filed this action to recover damages for the injuries she sustained in the accident. Mr. Vaughn and Mr. Daniel were the named defendants and, pursuant to Tennessee's uninsured motorist statutory scheme, Shelter was joined as an unnamed defendant. Process was served on Shelter through the Commissioner of Insurance, and Shelter filed an Answer denying liability on the grounds that Ms. Cockrill's policy did not provide uninsured motorist benefits to Plaintiff.

Shelter then filed a motion for summary judgment, asserting that Plaintiff was not entitled to any UM benefits under Ms. Cockrill's policy because the policy provided coverage only to "insureds," which is defined for the purposes of UM coverage as: (1) the policyholder, (2) "any relative" by blood, marriage, or adoption, (3) any individual listed as an "additional listed insured," and (4) any other person "using" the vehicle as that term is defined in the policy. Shelter argued that as an unrelated, guest passenger, Plaintiff did not meet any of the definitions of "insured".[1]

In opposition to Shelter's motion, Plaintiff argued that she qualified for UM benefits because she was "using" the vehicle. Specifically, she asserted that the term "use" in the Shelter policy should be broadly interpreted to include use as an unrelated guest passenger. Alternatively, she asserted that Tenn. Code Ann. § 56-7-1201(a) mandates UM coverage for passengers; thus, she would be entitled to benefits even if Shelter's policy excluded her from coverage.

The trial court agreed with Plaintiff, finding that she was an "insured" under the terms of Ms. Cockrill's policy because, as a passenger, she was "using" the vehicle. Specifically, the trial court held that the definition of "use" in Shelter's policy included use as an unrelated

---

[1]Further, Shelter argued that its UM policy was consistent with the Tennessee Uninsured Motorist Statute, Tenn. Code Ann. § 56-7-1201(a).

guest passenger. Accordingly, the trial court denied Shelter's motion for summary judgment. The trial court's decision was based on its interpretation of the wording of the policy; it did not reach the statutory issue.

Shelter then moved the trial court for permission to file an interlocutory appeal of the order denying summary judgment under Rule 9 of the Tennessee Rules of Appellate Procedure. The trial court granted the motion and this Court granted Shelter's Rule 9 Application.

On appeal, Shelter argues that the trial court erred by denying its motion for summary judgment because there are no genuine issues of material fact and it is entitled to judgment as a matter of law regarding: (1) whether Ms. Cockrill's policy with Shelter Insurance covered Plaintiff under the UM provisions; and (2) if the policy does not cover Plaintiff, whether Shelter's policy is in compliance with Tenn. Code Ann. § 56-7-1201(a).

## STANDARD OF REVIEW

This interlocutory appeal arises from the denial of summary judgment. No material facts are in dispute; only questions of law are involved. Therefore, the standard of review is *de novo* with no presumption of correctness as to the trial court's findings. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997).

## ANALYSIS

As stated, the UM provisions of the Shelter policy define an "insured" as: (1) the policyholder; (2) any relative by blood, marriage, or adoption; (3) any individual listed as an "additional listed insured," but only with respect to that individual's "use" of the vehicle; and (4) any other person "using the described auto with permission." Plaintiff does not assert that she is the policyholder, related to Ms. Cockrill by blood, marriage or adoption, or that she is an "additional listed insured." She argues that she is an "insured" because she was "using the described auto with permission" as Ms. Cockrill's passenger. We find this argument is without merit.

The UM provisions of the Shelter policy define "use" as "maintenance and operation." The term "maintenance" is defined in the policy as "the performance of services which are necessary to keep a motor vehicle in working order or to restore it to working order," and the term "operation" is defined as, "physically controlling, having physically controlled, or attempting to physically control, the movements of a vehicle." The undisputed facts clearly establish that Plaintiff was neither "maintaining" nor "operating" Ms. Cockrill's vehicle as

those terms are expressly defined; therefore, Plaintiff was not "using" the vehicle as that term is defined in the policy.

We also note this Court has previously decided this exact issue. In *Martin v. Williams*, No. W2008-01509-COA-R3-CV, 2009 WL 2264339 (Tenn. Ct. App. July 30, 2009) (perm. app. denied Feb. 22, 2010), like the case at bar, the plaintiff was an unrelated guest passenger who sought UM benefits under the driver/owner's policy with Shelter.[2] Following a lengthy analysis, this court concluded that "the Shelter policy clearly and unambiguously defines an 'insured' for UM coverage, and [an unrelated guest passenger] does not meet that definition." *Id.* at *2-*3. Applying our reasoning in *Martin* to almost identical facts, we again conclude that an unrelated guest passenger is not an insured and, thus, is not afforded UM coverage under the Shelter policy. Therefore, Plaintiff is not entitled to these benefits under the terms of the policy.

Alternatively, Plaintiff asserts that if she does not qualify for benefits under the terms of Shelter's policy, she is nonetheless entitled to UM benefits under the mandatory provisions in Tenn. Code Ann. § 56-7-1201(a). Plaintiff contends that Tenn. Code Ann. § 56-7-1201(a) requires insurance companies to provide UM coverage to anyone who "uses" the vehicle as an unrelated guest passenger and would supersede any insurance policy to the contrary. We have concluded that Plaintiff has misconstrued the statute. The statute provides:

> Every automobile liability insurance policy delivered, issued for delivery or renewed in this state, covering liability arising out of the ownership, maintenance, or use of any motor vehicle designed for use primarily on public roads and registered or principally garaged in this state, shall include uninsured motorist coverage, subject to provisions filed with and approved by the commissioner, for the protection of persons insured under the policy who are legally entitled to recover compensatory damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting from injury, sickness or disease.

Tenn. Code Ann. § 56-7-1201(a).

---

[2]The only significant factual difference between *Martin* and the case at bar is that, in *Martin*, the plaintiff-passenger had her own UM insurance which would have covered her injuries if the Driver's policy with Shelter did not, whereas in the case at bar, the plaintiff-passenger is uninsured. *See Martin*, 2009 WL 2264339, at *1.

As we noted in *Martin*, the statute only requires the insurance carrier to offer UM coverage to "persons insured under the policy," which only includes "those insured for purposes of liability." *Martin*, 2009 WL 2265339, at *6. The court stated:

> As we see it, the purpose of the UM Statute is to protect those who purchase liability insurance from those who do not. It requires insurance carriers to offer UM coverage to its insureds, but does not mandate that UM coverage be extended to those who have not purchased such a benefit.

*Id.* at *8. Based on the foregoing, the *Martin* court reasoned, "because Plaintiff did not qualify as an 'insured' under the Shelter Policy's 'Part I-Auto Liability' provision, she is not entitled UM coverage pursuant to Tennessee Code Annotated 56-7-1201(a)." *Id*.

The *Martin* court also found that limiting UM coverage in this way is consistent with Tennessee public policy. *Id.* at *6 (citing *Mullins v. Miller*, 683 S.W.2d 669, 670 (Tenn. 1984)("[T]he General Assembly has expressed its intention that all damages which can be legally recovered under a liability policy shall also be recoverable under an uninsured motorist policy.") *superseded by statute on other grounds*; *Dupree v. Doe*, 772 S.W.2d 910, 911 (Tenn. Ct. App. 1988) (holding that the UM statute is "basically liability insurance for a third party-the uninsured motorist")). The *Martin* court concluded that, "the drafting of the Shelter policy so as to exclude [unrelated guest passengers] from UM coverage does not violate the public policy of this State," and remanded the case for entry of summary judgment in Shelter's favor. *Id.* at *8-*9.

For the reasons stated above, we find that Plaintiff was not insured by Shelter for purposes of liability; therefore, Shelter was not statutorily required to provide UM coverage to Plaintiff.

### IN CONCLUSION

Plaintiff is not an "insured" under the UM provisions of Ms. Cockrill's policy with Shelter Insurance. Moreover, the Shelter policy does not conflict with the mandatory provisions in Tenn. Code Ann. § 56-7-1201(a). Therefore, Shelter is entitled to judgment as a matter of law. *See Rainey v. Stansell*, 836 S.W.2d 117, 119 (Tenn. Ct. App. 1992) (holding that cases involving the construction of a contract, such as an insurance policy, are particularly well-suited to disposition by summary judgment).

The judgment of the trial court is reversed and this matter is remanded for entry of an order granting Shelter's motion for summary judgment. Costs of appeal are assessed against Plaintiff, Tammy S. Galloway.

_____
FRANK G. CLEMENT, JR., JUDGE