NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0090n.06

Case No. 21-5663

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| GRANGE INSURANCE COMPANY, | ) | **FILED** |
|  | ) | Mar 02, 2022 |
| Plaintiff - Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) |  |
|  | ) | ON APPEAL FROM THE UNITED |
| THE STEVE TOLLEY AND PAM NELSON | ) | STATES DISTRICT COURT FOR THE |
| JOINT VENTURE, et al., | ) | EASTERN DISTRICT OF TENNESSEE |
|  | ) |  |
| Defendants - Appellants. | ) |  |
|  | ) |  |

Before:  BATCHELDER, GIBBONS, and GRIFFIN, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge.  After Steve Tolley was hit by an uninsured motorist while biking, he sought insurance coverage from Grange Insurance Company.  Grange sued for a declaratory judgment in federal court that Tolley's accident was not covered under the policy.  The district court granted summary judgment to Grange.  Tolley appeals.  We affirm.

**I**

On April 10, 2019, an SUV hit Tolley while he was riding a bicycle.  Tolley sent a demand letter to Grange seeking uninsured motorist coverage.  Grange then brought a declaratory judgment action, seeking a declaration that Tolley's accident was not covered under the relevant insurance policy.

The subject insurance policy was issued by Grange on October 29, 2018, for coverage through October 4, 2019.  The parties dispute who the "Named Insured" is under the policy.  The

policy lists "STEVE TOLLEY PAM NELSON" under Named Insured and identifies the "Named Insured's Legal Entity" as "Joint-Venture." DE 1-1, Policy, Page ID 10. The policy type is "Commercial Auto" and the reason issued is "New Business." *Id.* The policy has a "Schedule of Coverages and Covered Autos" in which it lists types of coverages next to a covered auto symbol. *Id.* Next to "Uninsured Motorists," the policy lists "07" as the covered auto symbol, which is the same symbol listed for the other types of coverages. *Id.* The policy explains that "7" symbolizes "Specifically Described 'Autos'" which are "[o]nly those 'autos' described in Item Three of the Declarations for which a premium charge is shown. . . ." *Id.* at 24. Under Item Three, the policy lists two specific vehicles and a trailer owned by Tolley and Nelson.

The district court determined that the policy was issued to a joint venture comprised of Tolley and his wife, Pam Nelson. Although the district court found that the policy was issued to the joint venture, rather than to Tolley and Nelson as individuals, it further held that the policy provided coverage to Tolley as a member of the joint venture. The court found, however, that his bicycle accident was not covered because he was not operating a vehicle listed in the policy. Therefore, the district court granted summary judgment to Grange. Tolley[1] appeals, arguing the policy was issued to him individually, not to the joint venture.

**II**

We first address this court's jurisdiction. In its complaint, Grange alleged the district court had diversity jurisdiction under 28 U.S.C. § 1332. Grange properly alleged it was an Ohio corporation, but it failed to establish the citizenship of the defendants, improperly relying on residency alone to establish domicile. *See Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d

---

[1] Tolley, Nelson, and the joint venture all appeal but for ease of discussion, we only refer to Tolley as representative of appellants.

759, 765 (6th Cir. 2019). Under 28 U.S.C. § 1653, parties may cure defective allegations of jurisdiction on appeal. This court ordered supplemental briefing on jurisdiction and the parties established that the defendants were citizens of Tennessee at the time of the complaint. As there is diversity jurisdiction, we turn to the merits.

### III

We review the district court's grant of summary judgment de novo. *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 345 (6th Cir. 2018). Summary judgment is appropriate only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); Fed. R. Civ. P. 56(a). Federal courts sitting in diversity jurisdiction "are to apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Therefore, we apply the substantive law of Tennessee, the forum state. *See Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009).

### IV

Tolley raises two issues with the district court's order: (1) who is covered under the policy; and (2) whether the bicycle accident is covered under the policy. Under Tennessee law, "[a]n insurance policy is a contract" and analysis is therefore "grounded in principles of contract law." *Christenberry v. Tipton*, 160 S.W.3d 487, 492 (Tenn. 2005). "An insurance policy must be interpreted fairly and reasonably, giving the language its usual and ordinary meaning." *Naifeh v. Valley Forge Life Ins. Co.*, 204 S.W.3d 758, 768 (Tenn. 2006).

**A**

The district court first considered to whom the policy was issued and concluded it was the joint venture of Steve Tolley and Pam Nelson. Tolley argues this was error because the policy was issued to him individually, not as a member of the joint venture.

Looking at the plain language, the district court noted that the policy listed the named insured as "Steve Tolley Pam Nelson" and identified the named insured's legal entity as a joint venture. DE 63, Order, Page ID 372. The court then explained that a joint venture under Tennessee law is treated like a partnership and "is not viewed as a separate legal entity from its members." *Id.* (citing *Hardy v. Miller*, 2001 WL 1565549, at \*4 n.2 (Tenn. Ct. App. Dec. 10, 2001)). Therefore, it was not unusual for the joint venture to be identified by its members in the policy. As further support that the policy was issued to the joint venture, the policy "states it is a commercial auto policy issued to a newly formed business." *Id.* at 373. Looking at the policy as a whole, the district court concluded "the policy in question can only be reasonably interpreted as creating an insurance policy for the benefit of a business, specifically the joint venture comprised of Steve Tolley and Pam Nelson[.]" *Id.* at 374.

Tolley argues this conclusion was error because the policy expressly issued to him individually and, to the extent the policy is ambiguous, it should be interpreted in his favor. Looking only to the part of the policy that lists his and his wife's names under "Named Insured," Tolley argues the policy expressly covers him as an individual. However, "[t]he entire written agreement must be considered." *Maggart v. Almany Realtors, Inc.*, 259 S.W.3d 700, 704 (Tenn. 2008). Tolley ignores that on the same page, the policy: (1) identifies the named insured's legal entity as a joint venture; (2) describes the policy as a commercial auto policy; and (3) states the reason the policy was issued was for a new business. Given the clear language in the policy that

it covers a joint venture and that the joint venture is comprised of Steve Tolley and Pam Nelson (the names listed in the policy), the district court correctly found the insurance policy was issued to the joint venture.

Tolley also argues that if the policy is ambiguous, it should be interpreted in his favor. When a policy is ambiguous, it must be construed against the insurance company and in favor of the insured. *See Tata v. Nichols*, 848 S.W.2d 649, 650 (Tenn. 1993). "Where language in an insurance policy is susceptible of more than one reasonable interpretation . . . it is ambiguous." *Id.* However, a policy is not ambiguous simply because the parties disagree about its meaning. *Maggart*, 259 S.W.3d at 704. "The court will not use a strained construction of the language to find an ambiguity where none exists." *Id.* Given that the policy clearly states it is for a joint venture with Steve Tolley and Pam Nelson, there is no ambiguity in the named insured. Tolley tries to create ambiguity by arguing that the district court's interpretation conflicts with his name listed under "Named Insured," but there is no conflict where Steve Tolley and Pam Nelson are the members of the joint venture and do not have a separate name for the legal entity.

**B**

The district court determined that Tolley was covered under the policy as a member of the joint venture, but it held that the bicycle accident did not fall under the policy because the policy covers only specified vehicles. Tolley argues this was error because he had "underinsured motorist" coverage *individually*. CA6 R. 14-1, Appellant Br., at 2, 11–13. Because we have already found Tolley was covered as a member of the joint venture, his argument is without merit. Further, the policy scope clearly does not cover his bicycle accident.

In the policy, "Uninsured Motorists" coverage is coded with "07" under "Covered Auto Symbols." DE 1-1, Policy, Page ID 10. This code corresponds with "Specifically Described

'Autos'" meaning coverage applies only to vehicles listed in Item Three of the policy, which in this case are two cars and a trailer. *Id.* at 11, 24. In the section of the policy on uninsured motorists coverage, the policy explains "Who Is An Insured." *Id.* at 38. If the named insured is a "partnership, limited liability company, corporation or any other form of organization," then insureds are anyone occupying a covered auto or a temporary substitute for a covered auto, anyone that suffered bodily injury from another insured, and the named insured for property damage.[2] *Id.* at 38–39. The policy clearly declares the named insured is a joint venture, falling under the "partnership" or "organization" part of the policy. *Id.* at 10. When the SUV hit Tolley, he was not occupying a covered auto or a temporary substitute for a covered auto. Nor is he claiming bodily injury from another insured under the policy or property damage. Therefore, the bicycle accident is not covered under the policy, as the district court concluded.

Tolley argues this result conflicts with *Dupree v. Doe*, 772 S.W.2d 910 (Tenn. Ct. App. 1989). The *Dupree* court considered an insurance policy that limited uninsured motorist coverage to accidents in which the insured suffered bodily injury while occupying a motor vehicle. 772 S.W.2d at 910. The insured was struck while riding a bicycle and argued the insurance policy conflicted with Tennessee law. *Id.* Tennessee Code Annotated § 56-7-1201(a) requires that insurance policies provide insureds with uninsured motorist coverage. *Id.* Section 56-7-1205 allows for limitations on uninsured motorist coverage which are designed to avoid duplication of insurance. *Id.* at 910–11. The Tennessee Court of Appeals held that limiting uninsured motorist coverage for the plaintiff to injuries received while operating a motor vehicle did not comply with § 56-7-1205. *Id.* at 911.

---

[2] In comparison, if the named insured is an individual, insured includes: the named insured and family members, anyone occupying a covered auto or substitute for a covered auto, and anyone that suffered bodily injury from another insured.

The district court distinguished *Dupree* from this case, explaining it did not "interpret *Dupree* as compelling every auto policy written to cover damages incurred where a covered party is riding a bicycle but rather it holds that if there would have been a duty to provide liability coverage for the incident that there is a corresponding duty to provide uninsured coverage." DE 63, Order, Page ID 376–77. This is supported by the language of *Dupree*, where it quoted the Tennessee Supreme Court: "[I]t seems to us that the General Assembly has expressed its intention that all damages which can legally be recovered under a liability policy shall be recoverable under an uninsured motorist policy." 772 S.W.2d at 911 (quoting *Mullins v. Miller*, 683 S.W.2d 669, 670 (Tenn. 1984) (superseded on other grounds)). The Grange policy does not conflict with *Dupree* because the policy limits coverage to specified vehicles across the board for uninsured motorists and other types of liability. To interpret the policy as requiring coverage for the bicycle accident would be to provide Tolley coverage beyond what the joint venture purchased.

This interpretation of *Dupree* was confirmed by the Tennessee Court of Appeals in *Holloway v. Purdy*, 2009 WL 1362319 (Tenn. Ct. App. May 15, 2009). In *Holloway*, the plaintiffs' body shop was insured under a garage owner's policy. *Id.* at *1. The policy limited uninsured motorist coverage to vehicles that were listed in the policy and owned by the plaintiff. *Id.* While driving a customer's car, one of the plaintiffs was hit by an uninsured motorist. *Id.* The insurance company argued there was no coverage because the plaintiff was not operating a covered vehicle. *Id.* The Tennessee Court of Appeals agreed, finding no conflict with Tennessee law on uninsured motorist coverage. *Id.* at *4–6.

Therefore, the district court did not err in finding Tolley's bicycle accident was not covered under the Grange insurance policy.

**V**

The district court properly interpreted the insurance policy to conclude that the policy was issued to the joint venture of Steve Tolley and Pam Nelson.  Further, the policy was limited to covered vehicles.  Because Tolley was not operating a covered vehicle when the accident occurred, the policy does not provide coverage.  Therefore, we affirm.