IN THE SUPREME COURT OF MISSISSIPPI

NO. 2006-CA-02051-SCT

*SOUTH CAROLINA INSURANCE COMPANY*

*v.*

*DANNIE KEYMON AND KIMBERLY KEYMON, INDIVIDUALLY AND AS JOINT ADMINISTRATORS OF THE ESTATE OF DAWSON KEYMON, FOR THE BENEFIT OF DANNIE KEYMON, KIMBERLY KEYMON, CHARLIE DYLAN KEYMON, AND THE ESTATE OF DAWSON CLAY KEYMON; AND MERANDA KEYMON*


| | |
|---|---|
| DATE OF JUDGMENT: | 11/03/2006 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | TIPPAH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MICHAEL REED MARTZ |
| | JOHN H. FREELAND |
| ATTORNEYS FOR APPELLEES: | JOSEPH DAVID NEYMAN, JR. |
| | MEGAN CARLISLE WILLOUGHBY |
| | ROBERT DALLAS SCHULTZE |
| | GRADY FRANKLIN TOLLISON, III |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED AND RENDERED - 01/31/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     Dannie and Kimberly Keymon and Meranda Keymon filed separate lawsuits in the

Tippah County Circuit Court against Lawrence McKee, both individually and doing business

as McKee's Stateline Convenience Store, as a result of the store's sale of beer to a minor who

later became intoxicated and caused a vehicular accident in which the infant child of Dannie and Kimberly was killed. In the lawsuits, the Keymons sought monetary damages against McKee as well as a declaratory judgment against McKee's insurer, South Carolina Insurance Company. These two lawsuits later were consolidated by the trial court, which ultimately held that South Carolina Insurance Company's policy issued to its insured, McKee's Stateline, "does or may cover the claims or some of the claims of the Plaintiff as raised in the Complaint." Upon granting the Keymons' motion for declaratory judgment, the trial court entered an order which, *inter alia*, certified the declaratory judgment as a final judgment pursuant to Miss. R. Civ. P. 54(b). South Carolina Insurance Company now appeals to this Court. Finding that the insurance policy does not cover the Keymons' claims, we reverse and render.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2. On December 29, 2001, Burton Waldon (Waldon), a minor, along with two other minors, purchased beer at McKee's Stateline Convenience Store in Middleton, Tennessee. Waldon consumed the beer at a party that evening at the home of Donald Ray Hall (Hall), where Hall's minor daughter was hosting a party. In the early morning hours of December 30, 2001, Waldon was driving his vehicle while intoxicated in a westerly direction, but in the east-bound lane of Highway 354 in Tippah County, Mississippi. Waldon's vehicle collided with the vehicle occupied by Dannie, Kimberly, Dawson, and Meranda Keymon (the Keymons), as the Keymons' vehicle was traveling in the proper lane of travel. Eight-month-

2

old Dawson Keymon was killed, and the other occupants of the Keymon vehicle sustained injuries.[1]

¶3.     The Keymons[2] filed suit in Tippah County Circuit Court.  Thereafter, on January 27, 2003, South Carolina sent a Reservation of Rights letter to Lawrence McKee, stating that South Carolina was investigating the Keymons' claim.

¶4.     On September 3, 2004, Meranda filed her First Amended Complaint, naming Lawrence E. McKee d/b/a McKee's Stateline; Lawrence E. McKee individually; Donald Ray Hall; and South Carolina Insurance Company as defendants; wherein she alleged the following: (1) negligence and negligence per se on the part of Hall; (2) negligence and negligent supervision and training on the part of McKee's Stateline; and (3) negligence and negligent supervision on the part of Lawrence E. McKee, individually.  Meranda also demanded punitive damages and a declaratory judgment against South Carolina.  South Carolina answered on September 30, 2004.

¶5.     On November 1, 2004, Meranda filed a Motion for Declaratory Judgment, requesting the trial court to rule on the issue of whether McKee's insurance policy with South Carolina

---

[1]For the purposes of this appeal, South Carolina concedes the facts alleged by the Keymons in their complaints.

[2]Dannie and Kimberly filed suit individually and as representatives of Dawson's estate.  There is no mention in the record of Charlie Dylan Keymon, as styled.  Meranda, who is referred to in the record simply as "the daughter," filed suit separately.  From the totality of the record, it appears that Meranda, Charlie and Dawson are the children of Dannie and Kimberly, and that Meranda evidently is an adult.  For the sake of clarity, we will refer to the plaintiffs collectively as "the Keymons."

covered her claims. On November 18, 2004, South Carolina filed its response to Meranda's Motion for Declaratory Judgment.

¶6. On December 21, 2004, the trial court entered an Order which stated:

> THIS CAUSE came before this Court on Plaintiff's Motion for Declaratory Judgment to determine whether South Carolina Insurance Company's contract of insurance with its insured, McKee's Stateline, covers the Plaintiff Meranda Keymon's claims against the insured. After hearing oral arguments on the issue and having read the briefs from both parties, the Court is of the opinion that the South Carolina Insurance Company policy **does or may** cover the claims or some of the claims of the Plaintiff as raised in the Complaint.

(Emphasis added). On February 14, 2005, South Carolina filed a Motion to Amend and/or Reconsider and for Entry of Final Judgment Pursuant to Rule 54(b), asking the trial judge to clarify his statement that the policy "does or may cover the claims." Further, South Carolina asked the trial court to designate the order granting the declaratory judgment as a final judgment pursuant to Miss. R. Civ. P. 54(b). On February 22, 2005, Meranda filed her Response to Motion to Amend and/or Reconsider and for Entry of Final Judgment Pursuant to Rule 54(b), requesting that the trial court deny South Carolina's motion.

¶7. On February 28, 2005, Dannie and Kimberly filed their First Amended Complaint, alleging the same claims as Meranda did in her First Amended Complaint, discussed *supra*.

¶8. On March 7, 2005, Dannie and Kimberly filed a Motion for Declaratory Judgment concerning whether the McKee's Stateline insurance policy with South Carolina covered the claims. The Amendment – Liquor Liability Exclusion, which is a part of the applicable policy, states:

4

This insurance does not apply to "bodily injury"[3] or "property damage" for which any insured may be held liable by reason of:

    (a)    Causing or contributing to the intoxication of any person;

    (b)    The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

    (c)    Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

South Carolina filed its Answer to First Amended Complaint on March 14, 2005. On November 16, 2006, the Circuit Court of Tippah County, Judge Andrew K. Howorth, presiding, entered an order consolidating Meranda's case with Dannie and Kimberly's case and certified the Declaratory Judgment entered on December 21, 2004, as a final judgment pursuant to Miss. R. Civ. P. 54(b). The November 16, 2006, order further stated that since the McKees were in bankruptcy, the United States Bankruptcy Court for the Western District of Tennessee had determined that the McKees would have no individual liability, leaving insurance coverage as the sole means of recovery for the Keymons. South Carolina, in liquidation, by and through the Tennessee Insurance Guarantee Association, then timely appealed to this Court.

**DISCUSSION**

¶9.    South Carolina presents two issues to be decided: (1) whether the insurance policy covers all claims of negligence; and (2) whether the trial court's holding was a proper adjudication of the plaintiffs' motion for a declaratory judgment. Both of these issues

---

[3]"Bodily injury" is defined by the policy as "sickness or disease sustained by a person, including death resulting from any of these at any time."

involve the same standard of review. This Court applies a *de novo* standard of review to questions of law, including a motion for a declaratory judgment. ***Pre-Paid Legal Servs. v. Battle***, 873 So. 2d 79, 82 (Miss. 2004). We restate the issues for the sake of clarity in discussion.

## I. WHETHER THE INSURANCE POLICY COVERS ALL CLAIMS OF NEGLIGENCE.

¶10. South Carolina argues that the insurance policy does not cover the Keymons' claim of negligent supervision and training of McKee's Stateline's employees inasmuch as the language of the policy excludes any damages resulting from providing alcohol to Waldon. On the other hand, the Keymons argue that the language does not specifically exclude negligent supervision and training; thus, the policy's language is vague, which should result in the policy being construed in their favor and against South Carolina, the drafter of the contract of insurance.

¶11. The Keymons first argue that the case *sub judice* presents a choice-of-law issue for us to decide, namely, whether Mississippi or Tennessee law applies. South Carolina argues that there is no choice-of-law issue; alternatively, South Carolina argues that the policy does not cover the Keymons' claim of negligent supervision and training, regardless of whether Mississippi or Tennessee law is applied.

¶12.	Succinctly stated, we find that there is no choice-of-law issue,[4] inasmuch as both Mississippi and Tennessee construe an ambiguous insurance policy in favor of the insured. "Choice of law analysis arises only when there is a true conflict between the laws of two states, each having an interest in the litigation." ***Zurich Am. Ins. Co. v. Goodwin***, 920 So. 2d 427, 432 (Miss. 2006) (citing ***Boardman v. United Servs. Auto. Ass'n***, 470 So. 2d 1024, 1038 (Miss. 1985)). We find that no ambiguity exists in the policy at issue.  The case law in Mississippi is clear:

> Ambiguous terms in an insurance contract are to be construed most strongly against the preparer, the insurance company. ***United States Fid. & Guar. Co. v. Omnibank***, 812 So. 2d 196, 198 (Miss. 2002) (citing ***Nationwide Mut. Ins. Co. v. Garriga***, 636 So. 2d 658, 662 (Miss. 1994)). Although ambiguities in an insurance policy are construed against the insurer, a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured. ***State Farm Mut. Auto Ins. Co. v. Scitzs***, 394 So. 2d 1371, 1373 (Miss. 1981). A clear and unambiguous contract will be enforced as written. ***Delta Pride Catfish, Inc. v. Home Ins. Co.***, 697 So. 2d 400, 403 (Miss. 1997).

---

[4]Judge Howorth understandably did not make findings of fact and conclusions of law, because it is readily apparent from reading the transcript of a pre-trial hearing that Judge Howorth instead accepted that Tennessee law applied after making this inquiry of counsel for South Carolina and receiving an affirmative response.  Meranda was the only plaintiff styled in the suit that was the subject of the hearing, and counsel for Meranda made no objection to this statement that Tennessee law applied.  South Carolina relied on Mississippi law in its brief to this Court.  Meranda argues in her brief to this court that, "[w]hether Mississippi or Tennessee law is applied, the policy covers Meranda's claims" and, thus, "the result is the same."  Dannie and Kimberly argue in their brief that, although Tennessee law applies, their claims would still be covered under Mississippi law.  In its reply brief, South Carolina argues that there is no choice-of-law issue because "which state's law applies is irrelevant" as there is no conflict between the two jurisdictions.

***Titan Indem. Co. v. Estes***, 825 So. 2d 651, 656 (Miss. 2002).  Similarly, the case law in

Tennessee also is clear:

> In interpreting an insurance contract, we must determine the intention of the
> parties and give effect to that intention. ***Christenberry v. Tipton***, 160 S.W.3d
> 487, 494 (Tenn. 2005); ***Bob Pearsall Motors, Inc. v. Regal Chrysler-
> Plymouth, Inc.***, 521 S.W.2d 578, 580 (Tenn. 1975). An insurance policy must
> be interpreted fairly and reasonably, giving the language its usual and ordinary
> meaning. ***Parker v. Provident Life & Acci. Ins. Co.***, 582 S.W.2d 380, 383
> (Tenn. 1979). When there is doubt or ambiguity as to its meaning, an insurance
> contract must be construed favorably to provide coverage to the insured.
> ***Christenberry***, 160 S.W.3d at 494. However, the contract may not be rewritten
> by the Court. ***Id.***; see also ***Tenn. Farmers Mut. Ins. Co. v. Witt***, 857 S.W.2d
> 26, 32 (Tenn. 1993).

***Naifeh v. Valley Forge Life Ins. Co.***, 204 S.W.3d 758, 768 (Tenn. 2006).

¶13.    Thus, both Mississippi and Tennessee clearly hold that an unambiguous policy

provision must be strictly construed.  "To prevail on a negligence claim, a plaintiff must

establish by a preponderance of the evidence each of the elements of negligence: duty,

breach, causation and injury."  ***Paz v. Brush Engineered Materials, Inc.***, 949 So. 2d 1, 3

(Miss. 2007) (quoting ***Miss. Dep't of Mental Health v. Hall***, 936 So. 2d 917, 922 (Miss.

2006)).  South Carolina argues that the plain language of the Liquor Liability Exclusion

applies to all claims of negligence.  In other words, the sale of the beer to Waldon was the

proximate cause[5] of the Keymons' injuries, no matter what duty the Keymons allege that

Stateline breached, including negligent supervision and training.  Thus, the policy clearly and

unequivocally excluded injuries caused by the sale of alcohol to a minor, and it does not

---

[5]The Keymons' attorney conceded that "the cause, in fact, was the sale of the
alcohol."

8

matter what cause of action the Keymons allege because the damages are the same, whether negligence, an intentional tort, or an illegal act.[6] Therefore, since this policy provision is unambiguous, we must construe the provision according to the plain language. Accordingly, we find that this issue has merit.

## II. WHETHER THE TRIAL COURT'S HOLDING WAS A PROPER ADJUDICATION OF THE PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT.

¶14. Although Issue I is dispositive of this case, we will address Issue II in an attempt to offer guidance to the trial bench and bar in future declaratory-judgment actions. South Carolina argues that the trial judge erred in holding that the insurance policy "does or may" cover the Keymons' claims. Again, the trial judge stated in his Order:

> THIS CAUSE came before this Court on Plaintiff's Motion for Declaratory Judgment to determine whether South Carolina Insurance Company's contract of insurance with its insured, McKee's Stateline, covers the Plaintiff Meranda Keymon's claims against the insured. After hearing oral arguments on the issue and having read the briefs from both parties, the Court is of the opinion that the South Carolina Insurance Company policy *does or may* cover the claims or some of the claims of the Plaintiff as raised in the Complaint.

(Emphasis added). With the utmost respect for the learned trial judge in today's case, we are constrained to find that the nebulous language in his order that the policy "does or may" cover the claims at issue, was contrary to the provisions of Miss. R. Civ. P. 57, which states that "[t]he judgment in a declaratory relief action may be *either* affirmative *or* negative in

---

[6]As South Carolina points out in its brief, "as a matter of public policy, people and businesses cannot purchase insurance coverage for illegal activities." *Farmland Mut. Ins. Co. v. Scruggs*, 886 So. 2d 714, 720 (Miss. 2004) (citing *Delta Pride Catfish, Inc. v. Home Ins. Co.*, 697 So. 2d 400, 405 (Miss. 1997)).

form and effect." (Emphasis added). As the word "may" is neither affirmative nor negative, the trial judge should have stated that the policy of insurance either did or did not cover the claims. Therefore, we likewise find that this issue has merit.

### CONCLUSION

¶15. We hold that whether Tennessee or Mississippi law controlled the construction of the insurance policy, the result is the same. The plain language of the Liquor Liability Exclusion denies coverage of any claim of bodily injury caused by the sale of alcohol to a minor. Further, while the trial judge erred in stating that the policy "does or may" provide coverage, we have decided this case on the merits from the record. Accordingly, the Order of Declaratory Judgment in favor of the Keymons by the Tippah County Circuit Court is reversed, and judgment hereby is rendered in favor of South Carolina.

¶16. **REVERSED AND RENDERED.**

**SMITH, C.J., WALLER, P.J., DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, P.J., NOT PARTICIPATING.**