# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-01171-COA

CARLO J. SMITH                                                                 APPELLANT

v.

SAFEWAY INSURANCE COMPANY                                          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/12/2019 |
| TRIAL JUDGE: | HON. TOMIE GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | DESHUN T. MARTIN |
| | DENISE C. WESLEY |
| | SAMAC S. RICHARDSON |
| | VATERRIA M. MASON |
| ATTORNEY FOR APPELLEE: | GOODLOE T. LEWIS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 08/04/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., McDONALD AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     A driver sued a woman and her daughter in a county court after the daughter rear-ended him in a car wreck. The woman's insurance company denied responsibility to provide coverage for the accident and sought a declaratory judgment in the circuit court against the woman, her daughter, and the other driver. The woman and her daughter never responded to the complaint, and a default judgment was entered against them. The injured driver responded and claimed the insurance company was responsible for covering the accident.

Nonetheless, the circuit court found the driver's dispute was moot because the insured and her daughter had essentially confessed that there was no coverage. The circuit court granted a declaratory judgment in favor of the insurance company.

¶2. Because an actual controversy exists between the injured driver and the insured company, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

¶3. Teenaged Madison Brown rear-ended Carlo Smith. Her mother, Altheia Tribble, owned the car the teenager was driving at the time of the accident. Smith sued them both in the County Court of Hinds County.

¶4. Tribble was insured by Safeway Insurance Company. The lawsuit prompted Safeway to file its own complaint to obtain a declaratory judgment against Tribble, Brown, and Smith in the circuit court. Safeway argued that it was not required to provide coverage because Tribble had never listed her daughter as a driver on the original application or any of the renewal forms.

¶5. The mother and daughter failed to answer the complaint. The circuit clerk entered an entry of default against them, which was followed by a default judgment by the circuit court. Although Tribble and her daughter failed to answer the complaint for a declaratory judgment, Smith timely answered and litigated against Safeway for coverage. The heated litigation included dueling motions for summary judgment by both the insurer and the injured driver.

¶6. Subsequently, Safeway sought leave to amend its initial complaint for a declaratory

judgment to add two additional parties who were involved in Smith's car accident. The addition of the two parties was the only difference between Safeway's original complaint and its amended complaint. The trial court granted the motion, and Safeway filed its amended complaint.

¶7. Although he had timely answered the original complaint, Smith did not timely answer the amended complaint. As it had done against the mother and daughter, Safeway sought an entry of default. Smith responded by filing a motion to strike Safeway's request for an entry of default, listing what he insisted were "colorable defenses" for his untimeliness. He then filed an answer to the insurer's amended complaint. Nonetheless, the circuit clerk entered a default against Smith. Smith then filed a motion to set aside the entry of default, listing a slew of defenses to support his motion. The circuit court never ruled on his request to set aside the entry of default.

¶8. After a hearing, the circuit court granted Safeway's request for a declaratory judgment. However, it did not rule on any of the arguments presented to it. Instead, the holding focused entirely on the mother and daughter's failure to answer Safeway's complaint. The trial court held that because they failed to answer, the mother and daughter "[e]ssentially . . . agreed that there [was] no insurance coverage under Tribble's Safeway policy that covere[d] the actions of Madison Brown."

¶9. In the circuit court's view, this "agreement" terminated the dispute. It specifically ruled that "[s]uch finding makes moot any claim Defendant Carlo Smith may assert in this

3

action."

¶10. The circuit court concluded by declaring that its ruling did not affect Smith's pending county court case against the mother and daughter. It did not address any other issues, motions, or entries of default. The docket reflected that the pending motions for summary judgment as well as other motions were all found moot. Smith appealed.

**ANALYSIS**

¶11. In this case, the trial court determined that Smith's claims were moot because the mother and daughter did not respond to the request for a declaratory judgment. We apply "a de novo standard of review to questions of law, including a motion for a declaratory judgment." *S.C. Ins. Co. v. Keymon*, 974 So. 2d 226, 229 (¶9) (Miss. 2008).

¶12. "The doctrine of mootness demands that a case must have an 'actual controversy' that existed at the time of trial." *Kemper City v. Parks*, 281 So. 3d 208, 209 (¶7) (Miss. Ct. App. 2019) (quoting *Monaghan v. Blue Bell Inc.*, 393 So. 2d 466, 466 (Miss. 1980)). "Without a live controversy, an appeal will be dismissed as moot." *Butler Snow LLP v. Estate of Mayfield*, 281 So. 3d 1214, 1218 (¶13) (Miss. Ct. App. 2019).

¶13. Safeway sought a declaratory judgment under Mississippi Rule of Civil Procedure 57. This is permissible because "Rule 57 specifically provides for declaratory judgment to determine questions of contractual validity and interpretation." *Wood v. Safeway Ins. Co.*, 114 So. 3d 714, 717 n.2 (Miss. 2013). The Rule states in relevant part that "[a]ny person interested under a . . . written contract . . . may have determined any question of construction

4

or validity arising under the . . . contract . . . and obtain a declaration of rights, status or other legal relations thereunder." MRCP 57(b)(1).

¶14. Furthermore, the Rule expressly allows a party like Smith to seek a declaratory judgment. Specifically, Rule 57(b)(2) states that "[w]here an insurer has denied or indicated that it may deny that a contract covers a party's claim against an insured, that party may seek a declaratory judgment construing the contract to cover the claim." MRCP 57(b)(2). Because Safeway is denying that its contract covers Smith's claim against the insured, Smith may seek a declaratory judgment "construing the contract to cover the claim" under Rule 57. *Id.*

¶15. Our jurisprudence confirms Smith has standing to seek a declaratory judgment. In recently interpreting a similar subsection of the rule, this Court examined a dispute where a party claimed a subsequent purchaser for land did not have standing because of lack of privity of contract with prior owners of the property. *Putney v. Sanford*, 282 So. 3d 627, 631 (¶13) (Miss. Ct. App. 2019). Citing Rule 57, we rejected this argument. *Id*. at 631-32 (¶¶15-17). Both sides were fighting over title to the same 196 acres of land. *Id*. at 629 (¶6). The subsequent purchaser was seeking a declaratory judgment to have title fully resolved in his name. *Id*. Since the subsequent purchaser was "an interested party" under Rule 57, he "[had] standing to assert his claims against the prior owners despite that he was not in privity of contract with them." *Id*. at 632 (¶17); *accord Johnson v. Hinds County*, 524 So. 2d 947, 954 (Miss. 1988) (finding a county had standing as an "interested party" under Rule 57 when a

real estate developer argued it was intruding into private contracts between the developer and individual lot owners).

¶16.    This precedent applies the broad language that "[a]*ny* person interested" may seek a declaration of rights under a contract.  MRCP 57(b)(1) (emphasis added).  The same principle must be applied in this case.  The trial court ruled the case was moot, determining that there was no live controversy because the mother and her daughter had confessed that Safeway was not required to provide insurance coverage.  Yet this ignores the valid claims and defenses of Smith, who is most certainly an "interested party" under the contract, and has a "claim against the insured."  MRCP 57(b)(2).  Indeed, Safeway properly named Smith as a defendant under Rule 57 because he had an interest in the outcome of the dispute over insurance coverage.  His interest in Safeway's insurance coverage did not vanish simply because the insureds themselves failed to respond to the suit.  The language of the Rule and application of precedent compel us to find that Smith has standing to seek a declaratory judgment and further compel us to determine this dispute is not moot.

¶17.    The fact that Smith timely responded to Safeway's initial complaint substantially supports this finding.  Not only did he answer the original complaint, he specifically opposed Safeway's allegations by denying the claims and then seeking summary judgment that there was insurance coverage.  An unmistakable inference that Smith is an interested party is drawn from the fact that Smith actively pursued his own case.  Because he directly opposed Safeway's claims and allegations in litigation, there was a sufficient "live controversy"

6

between him and Safeway at the time the trial court dismissed the case. *Cf. Estate of Mayfield*, 281 So. 3d at 1218 (¶13) (finding a live controversy when a litigant was dismissed from a lawsuit but the decision was not final and the opposing party had vowed to appeal).

¶18.    The parties urge a variety of arguments aside from the core issue of mootness.  For example, Safeway focuses on Smith's failure to timely answer its amended complaint, and Smith argues that Safeway is bound by a parallel failure to timely answer requests for admissions.  Yet the trial court did not rule on any of these other legal arguments—including whether Smith was in default—finding them all moot by the failure of the other two parties to answer the complaint for a declaratory judgment.  Whether Smith had good cause to set aside the clerk's entry of default and the other pending disputes must first be resolved by the trial court because "we should undertake consideration of no matter which has not first been presented to *and decided by* the trial court." *HWCC-Tunica Inc. v. Miss. Dep't of Revenue*, No. 2019-CA-00336-SCT, 2020 WL 2764180, at *5 (¶24) (Miss. May 28, 2020) (emphasis added).

¶19.    The default judgment against the mother and her teenaged driver (and their subsequent failure to appeal) means they have fully admitted the insurer's claim that there is no coverage for the collision.   In contrast, Smith has not admitted Safeway's argument and has specifically argued there should be coverage.  His resistance to Safeway's claims sparks a "live controversy" that should be resolved by the lower court.  For this reason the case is not moot.

## CONCLUSION

¶20.    After reviewing the lower court's findings, we hold that the lower court erred in dismissing Smith's claims as moot.  The default judgment against the mother and her teenaged driver (and their subsequent failure to appeal) means they have fully admitted the insurer's claim that there is no coverage for the collision.  However, their concessions do not preclude the controversy between Smith and their insurer.

¶21.    **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD AND LAWRENCE, JJ., CONCUR.**