# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-01419-COA

JAMES PARKER                                                                 APPELLANT

v.

UNITED SERVICES AUTOMOBILE                                      APPELLEE
ASSOCIATION

DATE OF JUDGMENT:             11/15/2024
TRIAL JUDGE:                          HON. CHRISTOPHER LOUIS SCHMIDT
COURT FROM WHICH APPEALED:   HARRISON COUNTY CIRCUIT COURT,
                                             FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:       DANIEL MYERS WAIDE
ATTORNEYS FOR APPELLEE:       HIAWATHA NORTHINGTON II
                                             GRACE LOWERY GADOW
NATURE OF THE CASE:              CIVIL - INSURANCE
DISPOSITION:                         AFFIRMED - 03/03/2026
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., WEDDLE AND LASSITTER ST. PÉ, JJ.**

**WEDDLE, J., FOR THE COURT:**

¶1.     After encountering an oil-like substance in the road, James Parker's motorcycle lost traction and crashed. Parker filed an insurance claim with his insurer, United Services Automobile Association (USAA), and sought uninsured motorist benefits under his policy. USAA denied Parker's claim, and Parker filed a lawsuit against USAA in the Harrison County Circuit Court. Parker subsequently moved for a declaratory judgment or, alternatively, partial summary judgment on the issue of whether he was entitled to uninsured motorist benefits under his USAA policy. After concluding that the circumstances surrounding Parker's accident failed to qualify for uninsured motorist benefits under his

policy or Mississippi law, the circuit court entered a judgment denying Parker's motion. On appeal, Parker argues that the circuit court erred by denying his motion for a declaratory judgment. Finding no error, we affirm the circuit court's judgment.

**FACTS**

¶2. On May 11, 2022, Parker was traveling by motorcycle on Highway 49 in Harrison County. Parker alleges that he encountered a substantial amount of oil-like liquid on the road that had been spilled by another vehicle. Parker's motorcycle slid on the liquid and overturned. The crash not only damaged Parker's motorcycle but also injured Parker.

¶3. At the time of the crash, Parker held insurance policies with USAA and another carrier. Both policies provided underinsured and uninsured motorist coverage. Following his crash, Parker notified both insurance companies that he planned to claim the benefits provided by the underinsured and uninsured motorist coverage. Although the other insurance carrier eventually approved Parker's claim to the full extent allowed by his policy, USAA denied Parker's claim.

¶4. On March 14, 2024, Parker filed a lawsuit against USAA in circuit court and sought to recover uninsured motorist benefits under his policy. USAA answered Parker's complaint and asserted multiple affirmative defenses. After propounding his initial discovery requests to USAA, Parker filed a motion for a declaratory judgment or, alternatively, partial summary judgment. Parker asked the circuit court to find that he was entitled to uninsured motorist benefits based on Mississippi law and the language of USAA's policy.

¶5. Following a hearing, the circuit court entered a judgment denying Parker's motion.

The circuit court found that Parker had failed to produce evidence to establish the following: a continuous sequence of events that resulted in his injuries, the nature of the oil-like substance in the road, the source of the substance, and the amount of time the substance had been in the road before the accident. In addition, the circuit court concluded that for Parker's accident to qualify for uninsured motorist benefits, Mississippi law and the express terms of his USAA policy required actual physical contact to have occurred to his motorcycle—either from direct impact by another vehicle or from an object propelled by another vehicle. Determining that no such contact had occurred to cause Parker's accident, the circuit court denied Parker's motion for a declaratory judgment or, alternatively, partial summary judgment. Aggrieved by the circuit court's judgment, Parker appeals.

## STANDARD OF REVIEW

¶6.    "While the decision to grant or deny a motion for [a] declaratory judgment is discretionary," we "review[] the legal conclusions supporting that decision de novo." *Oak Grove Marketplace LLC v. Lamar Cnty. Sch. Dist.*, 287 So. 3d 924, 927 (¶10) (Miss. 2020).

## DISCUSSION

¶7.    Parker contends that the circuit court erroneously denied his motion for a declaratory judgment regarding his eligibility to recover uninsured motorist benefits for his accident. Although disputed by USAA, Parker claims that both Mississippi law and USAA's policy entitle him to coverage for his uninsured motorist claim. As a result, Parker asks this Court to reverse the circuit court's decision denying his motion for a declaratory judgment.

¶8.    In defining an "uninsured motor vehicle," Mississippi's Uninsured Motorist Act states

3

that the term includes the following:

> A motor vehicle of which the owner or operator is unknown; provided that in order for the insured to recover under the endorsement where the owner or operator of any motor vehicle which causes bodily injury to the insured is unknown, **actual physical contact** must have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured . . . .

Miss. Code Ann. § 83-11-103(c)(v) (Rev. 2022) (emphasis added).

¶9. As defined in Parker's insurance policy with USAA, an "[u]ninsured motorist vehicle" includes "a motor vehicle whose owner or operator cannot be identified **and that hits**: a. [y]ou or any family member; b. [a] vehicle you or any family member is occupying; or c. [y]our covered auto." (Emphasis added).

¶10. Parker and USAA disagree as to whether his motorcycle accident satisfied the language of both Mississippi's Uninsured Motorist Act and the insurance policy to entitle him to uninsured motorist benefits. Parker notes that the language of USAA's policy does not specifically state that a "direct" or "actual" hit or "actual physical contact" is required for a claimant to recover uninsured motorist benefits. Parker therefore argues that actual physical contact between his motorcycle and another vehicle was not strictly necessary for him to recover uninsured motorist benefits. In addition, Parker asserts that Mississippi caselaw has broadly construed "actual physical contact" in the insured's favor and has held that an object "slung by the tire of another vehicle is sufficient to trigger [uninsured motorist] benefits . . . ." As a result, Parker argues the physical contact that occurred when the oil-like substance in the road "hit" his motorcycle tires was sufficient to require USAA to approve his claim for uninsured motorist benefits.

4

¶11. In analyzing Parker's appeal, we recognize that "[t]he language and provisions of insurance policies are viewed as contracts and are subject to the same rules of interpretation as other contracts. When a policy's language is clear and unambiguous, it must be enforced as written." *Williams v. Miss. Farm Bureau Cas. Ins. Co.*, 406 So. 3d 758, 761 (¶8) (Miss. 2025) (citations and internal quotation mark omitted). "Ambiguities exist when a policy can be logically interpreted in two or more ways; however, ambiguities do not exist simply because two parties disagree over the interpretation of a policy." *Clark v. Alfa Ins. Corp.*, 390 So. 3d 1021, 1025-26 (¶14) (Miss. Ct. App. 2024) (quoting *U.S. Fid. & Guar. Co. of Miss. v. Martin*, 998 So. 2d 956, 963 (¶13) (Miss. 2008)). "Any ambiguity is strictly construed against the insurer." *Williams*, 406 So. 3d at 761 (¶8). "However, this 'principle does not permit the creation of ambiguity where there is none.'" *Clark*, 390 So. 3d at 1026 (¶14) (quoting *Boteler v. State Farm Cas. Ins. Co.*, 876 So. 2d 1067, 1069 (¶9) (Miss. Ct. App. 2004)). Thus, "a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured." *Williams*, 406 So. 3d at 761 (¶8) (quoting *S.C. Ins. Co. v. Keymon*, 974 So. 2d 226, 230 (¶12) (Miss. 2008)).

¶12. Also relevant to Parker's appeal, the Mississippi Supreme Court

> has consistently held that the language of Mississippi's Uninsured Motorist Act must be construed liberally to provide coverage and strictly to avoid or preclude exceptions or exemptions from coverage. If the provisions of an uninsured motorist insurance policy conflict with Mississippi's Uninsured Motorist Act, the statutory provisions prevail and are incorporated into the policy.

*Id.* at (¶11) (citations and internal quotation marks omitted).

¶13. In urging this Court to broadly interpret "physical contact" in his favor, Parker relies

5

on the supreme court's decision in *Southern Farm Bureau Casualty Insurance Co. v. Brewer*, 507 So. 2d 369 (Miss. 1987). The undisputed facts in *Brewer* showed that

> [a] pickup truck operated by an individual whose identity could not be ascertained pulled along side of the automobile in which Brewer was riding. The truck suddenly, without warning, cut in front of [the] car. In doing so the truck struck an object later identified as a brake drum lying in the lane of traffic and propelled it into [the] car. The brake drum broke the windshield of the automobile in which Brewer was riding and struck Brewer in the face.

*Id.* at 370. The insurance company asserted that the circumstances surrounding the accident and Brewer's injuries failed to satisfy the "physical contact" requirement contained in both Mississippi's Uninsured Motorist Act and the insurance policy. *Id.*

¶14. On appeal, the supreme court focused on "whether an insured is entitled to recover for injury under uninsured motorist coverage when a passing unknown vehicle propels an object through the windshield of the car occupied by the insured." *Id.* The *Brewer* court determined that "physical contact" can encompass indirect physical contact between an unidentified vehicle "with an intermediate vehicle or other object [that], in the same mechanism of the accident, strikes the insured's vehicle." *Id.* at 372. To suffice, however, "the injury[-]causing impact must have a complete, proximate, direct[,] and timely relationship with the first impact between the hit-and-run vehicle and the intermediate vehicle" and "be the result of an unbroken chain of events with a clearly definable beginning and ending, occurring in a continuous sequence." *Id.*

¶15. Although Parker attempts to characterize his motorcycle's encounter with a substance in the road as sufficient "physical contact" for uninsured motorist coverage, we find his argument lacks support from Mississippi statutory law and caselaw. Even taking into

6

account the indirect physical contact that sufficed in *Brewer*, we cannot say that the definition extends so far as to provide eligibility for Parker's accident. Like the circuit court, we find the record contains nothing to demonstrate that Parker's accident involved the type of indirect physical contact contemplated by the *Brewer* court. *See id.* As the circuit court specifically noted, Parker did not establish the nature of the oil-like substance in the road, the source of the substance, or the amount of time the substance had been in the road before the accident. He therefore not only failed to establish "a complete, proximate, direct[,] and timely relationship" between the spilled substance and his accident but also "an unbroken chain of events with a clearly definable beginning and ending, occurring in a continuous sequence." *Id.* Thus, after reviewing the language of USAA's insurance policy in conjunction with relevant statutory law and caselaw, we find that the circuit court correctly denied Parker's motion for a declaratory judgment.

## CONCLUSION

¶16. Because we find no error, we affirm the circuit court's judgment denying Parker's motion for a declaratory judgment or, alternatively, partial summary judgment.

¶17. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, LAWRENCE, McCARTY, EMFINGER AND LASSITTER ST. PÉ, JJ., CONCUR. McDONALD, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

7